WILLIAM J. BAXTER, Trading as W. J. BAXTER Co., Respondent, *v.* SAVOY SHIRT COMPANY, Appellant.

Contract — sale — implied warranty as to quality — when upon discovery of breach buyer may refuse and tender back installments and recover damages for loss from use of defective goods — pleading — sufficiency of partial defense and counterclaim.

1. Where a contract contemplated a delivery of goods in installments, if there was an implied warranty that the goods should be dyed in fast colors, and if upon inspection made within a reasonable time it was discovered that this warranty was broken, the buyer might refuse to receive such installments, tender them back to the seller and recover damages for the breach of warranty with regard to such installments as were not returned.

2. Upon examination of the pleadings herein, *held*, that giving to the answer a liberal construction, drawing from it what inference we may and referring to the defendant's bill of particulars, the so-called first defense pleads a partial defense under sections 96, subdivision 1, 128 and 150, subdivision c, of the Personal Property Law (Cons. Laws, ch. 41), and the first counterclaim is not inconsistent with this defense and is sufficiently pleaded.

*Baxter* v. *Savoy Shirt Co.*, 207 App. Div. 846, reversed.

(Submitted April 7, 1924; decided April 15, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 16, 1923, affirming a judgment in

favor of plaintiff entered upon a verdict directed by the court.

The action was to recover the purchase price of goods alleged to have been sold and delivered under a written contract. Defendant alleges that the goods were not printed in fast colors and that upon notification plaintiff agreed to accept the return of unused and defective goods, but that thereafter plaintiff refused to accept same and set up counterclaims for damages arising from use of the defective goods. After the opening plaintiff moved that defendant be required to elect between its third defense and first counterclaim and between its fourth defense and second counterclaim, upon the ground that the respective defenses were inconsistent with the respective counterclaims and after that motion was granted but before defendant had stated its selection, moved " upon the openings of counsel, the pleadings, the original bill of particulars and the further bill of particulars, to strike out each of the four separate defenses, upon the ground that each is insufficient in law," and also " to dismiss each of the three alleged counterclaims upon the ground that each fails upon its face to state facts sufficient to constitute either a counterclaim or a cause of action, and upon the further ground that as to each of the counterclaims the defense set forth in the reply of another action pending is a complete bar to the maintenance of any of the counterclaims." After discussion, these motions were granted and plaintiff then moved for judgment upon the pleadings, which was granted and a verdict directed.

*Caruthers Ewing* for appellant. The issue seems to be clear cut whether plaintiff delivered defendant that which plaintiff sold and defendant bought. (*De Witt* v. *New York Herald Co.*, 196 App. Div. 417; *Am. Aniline Products* v. *Mitsui & Co.*, 190 App. Div. 485; *Henderson T. & R. Co.* v. *Wilson & Son*, 235 N. Y. 489.)

*Gerard B. Rosenheim, Eugene E. Sperry* and *Walter D. Yankauer* for respondent. The denials in the amended answer create no issue of fact. (*Regina Co. v. Gately Furniture Co.,* 171 App. Div. 817; *Morgan Munitions Co. v. Studebaker Corporation of America,* 180 App. Div. 530; 226 N. Y. 24; *De Witt v. N. Y. Herald Co.,* 196 App. Div. 417; *American Aniline Products, Inc., v. Mitsui & Co., Ltd.,* 190 App. Div. 485; Pers. Prop. Law, §§ 100, 127; *Rosenberg Bros. Co. v. Buffum Co.,* 234 N. Y. 338; *Standard Casing Co., Inc., v. California Casing Co.,* 233 N. Y. 413; *Turner Looker Co. v. Aprile,* 195 App. Div. 706; 234 N. Y. 517; *Bloom v. Reisman,* 76 Misc. Rep. 524.) Each of the separate defenses and counterclaims is insufficient. (Pers. Prop. Law, § 150; *Tilton v. Schwartz,* 199 App. Div. 607, 609; *Miller v. Zander,* 85 Misc. Rep. 502; 166 App. Div. 969; *Kaufman v. Levy,* 102 Misc. Rep. 689; *Portfolio v. Rubin,* 233 N. Y. 439; *Amalgamated Leather Co., Inc., v. Posner,* 203 App. Div. 464; *Dancey-Davis Press, Inc., v. American Fashion Co.,* 120 Misc. Rep. 157; *Joannes Bros. Co. v. Lamborn,* 199 App. Div. 588; *Madison Costume Co., Inc., v. Goldberg,* 198 App. Div. 895; *Berkowitz, Inc., v. Dronzin,* 194 N. Y. Supp. 448; *Poshkoff v. Lieberman's Millinery,* 167 N. Y. Supp. 291.)

*Per Curiam.* Because of the vague, confused and repetitious statements in which the defendant has chosen to veil its meaning it has been difficult for us to determine whether the answer in this case alleges new matter constituting an entire or a partial defense. What appears most clearly is that it is far from being a model of the legislative ideal, " a plain and concise statement of the material facts without unnecessary repetition."

Giving to the answer, however, a liberal construction, drawing from it what inferences we may, referring to the defendant's bill of particulars, we have concluded that the so-called first defense does plead a partial defense

under sections 96, subdivision 1, 128 and 150, subdivision c, of the Personal Property Law.  (Cons. Laws, ch. 41.) We further conclude that the first counterclaim is not inconsistent with this defense and is. sufficiently pleaded.

As this contract contemplated a delivery of the goods in installments if there was an implied warranty that the goods should be dyed in fast colors, if upon inspection made within a reasonable time it was discovered that this warranty was broken, the buyer might refuse to receive such installments, tender them back to the seller and recover damages for the breach of warranty with regard to such installments as were not returned.

It is true that there was no express statement that the pleading constituted a partial defense but this objection seems not to have been taken or considered.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Judgments reversed, etc.